Louis PIETRINI et al., Landlords, Respondents, *v.* ELIO W. PANICCI, Tenant, Appellant.

Supreme Court, Appellate Term, Second Department, May 24, 1945.

*Vincent J. Cuti* for appellant.

*Jacob J. Klansky* for respondents.

*Maurice R. Whitebook,* Chief Attorney, New York City Defense-Rental Area (*Harold Tessler* of counsel), for Office of Price Administration, *amicus curiæ.*

MEMORANDUM *Per Curiam.* It was error to refuse to take proof by the tenant as to the terms of the letting. The certificate issued by the Administrator authorized the landlords to commence proceedings under the law of the State for the removal of the tenant (Rent Regulation for Housing in New York City Defense-Rental Area, § 6, subd. [b], par. [1], 8 Fed. Reg. 13918). It did not determine the tenant was a holdover. Whether the tenant was or was not holding over was a matter for determination in the proceedings under the State law which the landlords, without a certificate, could not commence. *New York City Housing Authority* v. *Curington* (181 Misc. 955) and *New York City Housing Authority* v. *Awant* (183 Misc. 823) held nothing to the contrary. There the landlord established at trial that the tenants were holding over after the termination of their tenancy. The tenants in those cases were not prevented from proving that under local law their terms had not expired. The landlord there established the term had come to an end.

The final order should be unanimously reversed on the law and new trial granted, with $30 costs to tenant to abide the event.

MACCRATE, SMITH and McCOOEY, JJ., concur.

Order reversed, etc.